UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAKESHORE TECHNICAL COLLEGE,

    Plaintiff,

v.

Case No. _____

ANTHOLOGY INC.,

    Defendant.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Anthology Inc. ("Anthology"), by and through undersigned counsel, files this Notice of Removal and hereby removes the state court action entitled *Lakeshore Technical College v. Anthology Inc.*, Manitowoc County Circuit Court Case Number 24-CV-000355 (the "State Court Action"), from the Manitowoc County Circuit Court to the United States District Court for the Eastern District of Wisconsin. Removal is proper and the grounds for removal are as follows:

### THE CASE OR CONTROVERSY

1. On or about September 12, 2024, the State Court Action was commenced by Plaintiff Lakeshore Technical College in the Manitowoc County, Wisconsin, Circuit Court, Case No. 24-CV-000355. A complete and accurate copy of the Summons and Complaint (the "Complaint") filed in the State Court Action is attached hereto as **Exhibit A**.

2. The Complaint alleges causes of action against Anthology for fraud in the inducement, violation of Wis. Stat. § 100.18, and breach of contract arising out of a multi-year contract for educational software services with a total value of millions of dollars. A complete and accurate copy of the Master Software As A Service Agreement (the "Agreement") between the parties with relevant Addenda and Statements of Work is attached hereto as **Exhibit B**.

3. As shown herein, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is now, and there was at the time the State Court Action was filed, complete diversity of citizenship between Plaintiff and Anthology. *See* 28 U.S.C. § 1332(a).

## TIMELINESS OF REMOVAL

4. A notice of removal is timely when filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

5. Anthology received a copy of the Summons and Complaint in the State Court Action on September 12, 2024. Counsel for Anthology accepted service of the Complaint on September 24, 2024. *See* **Exhibit C**.

6. Anthology by this Notice removes the State Court Action to federal court on the date of this filing.

7. This Notice is therefore timely under 28 U.S.C. § 1446(b)(1) because this Notice is filed within 30 days after the earliest receipt by Anthology, the defendant named in this case, through service or otherwise, of a copy of the Complaint, the initial pleading setting forth the claim for relief.

## JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332

8. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and Anthology, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity existed both at the time the case was filed and at the time of removal.

### *Diversity of Citizenship*

9. As set forth in the Complaint, Plaintiff is a "public, two-year college with its main campus in Cleveland, Wisconsin" and, accordingly, its principal place of business is in Cleveland, Wisconsin. *See* Ex. A at ¶ 7.

10. Anthology is a "foreign company with its principal office" at 5201 Congress Avenue, Boca Raton, Florida 33487. *See* Ex. A at p. 1, ¶ 8. Anthology is a corporation organized and existing under the laws of Florida. *See* Ex. D at ¶ 2. Anthology therefore is considered a citizen of Florida for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation's "principal place of business" is "the actual center of direction, control, and coordination" of the corporation's activities).

11. Pursuant to 28 U.S.C. § 1332(a)(1), Anthology and Plaintiff are citizens of different states, such that complete diversity of citizenship exists between the parties for purposes of removal.

### *Amount in Controversy*

12. Plaintiff does not allege an amount in controversy in its Complaint. *See generally* Ex. A. Where a plaintiff does not allege an amount in controversy, the Court may establish that the amount in controversy meets the threshold for diversity jurisdiction by looking to the defendant's records. *See Kurth v. Vencor, Inc.*, No. 02-C-0213-C, 2002 WL 32349402, at *2 (W.D. Wis. July 16, 2002) (defendant's payroll records established amount in controversy where not alleged by employment case plaintiff). Here, the Agreement between the parties—the subject of all of Plaintiff's claims— is worth millions of dollars. *See, e.g.*, Ex. B at 13 (providing annual fees of over $200,000 per year for a multi-year term); *id.*, Statement of Work No. 2459627, at 20 (providing fixed fees of $1,986,920); *id.*, Statement of Work No. PSTSPKG-2459627 (providing fixed fees of $60,000 per term). Accordingly, the amount in controversy exceeds $75,000 and satisfies 28 U.S.C. § 1332(a)(1). *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (where, as here, the complaint does not state the total amount of damages the plaintiff seeks, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."). It is immaterial whether the claims will actually result in a sufficient amount of damages. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006).

13. Moreover, pursuant to the Agreement, Plaintiff paid to Anthology an amount equal to $2,266,092.28 and still owes $919,221.39 in invoiced amount due. A declaration by Anthology's Vice President, Treasury & Financial Systems, Ramona DeSantis, is attached hereto as **Exhibit D**, in which she attests to these amounts. In addition, due to its early termination without cause, Plaintiff owes Anthology an additional $3,768,013.55 in early termination fees. *See, e.g.*, Ex. B at § 8.2(iii) of the Agreement.

14. Plaintiff alleges in its Complaint that the Agreement is void *ab initio*. *See* Ex. A at ¶ 30. If established, Plaintiff's remedy would include the return of the $2,266,092.28 in fees paid under the Agreement. *Tietsworth v. Harley-Davison Inc.*, 677 N.W.2d 233, 244 (Wis. 2004). Plaintiff also seeks an undisclosed amount of attorneys' fees and punitive damages (*see* Ex. A at p. 14), which increases the amount in controversy to an even greater dollar number.

15. For all of these reasons, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## CONCLUSION

16. This Notice of Removal is in compliance with Rule 11 of the Federal Rules of Civil Procedure.

17. A copy of all pleadings received or filed in this matter (to date, the Summons and Complaint and other attached documents) are attached hereto as **Exhibit A**.

18. This is a civil action over which the United States District Court for the Eastern District of Wisconsin has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and Anthology may remove it to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

19. Anthology does not waive any defenses otherwise available to it under Federal Rule of Civil Procedure 12. This Notice of Removal is filed subject to and with a reservation of rights by Anthology, including but not limited to the right to request judicial reference pursuant to the terms of the contracts between the parties, and to assert defenses and objections to venue, improper service of process, personal jurisdiction, failure to state a claim, and any other defenses Anthology might pursue through motion or pleading. Anthology will file a responsive pleading or motion in response to the Complaint in accordance with the Federal Rules of Civil Procedure.

20. Anthology will promptly file a copy of this Notice with the Clerk of Court for the Manitowoc County Circuit Court and promptly serve this Notice on counsel for Plaintiff pursuant to 28 U.S.C. § 1446(d).

21. If any question arises as to the propriety of the removal of the Subject Action, Anthology requests the opportunity to conduct limited discovery and to present a brief and oral argument in support of removal.

22. Anthology reserves the right to amend or supplement this Notice.

WHEREFORE, Defendant Anthology Inc. respectfully requests that the State Court Action be removed from the Manitowoc County Circuit Court to the United

States District Court for the Eastern District of Wisconsin and placed on this Court's docket. Anthology additionally requests all other and further relief to which it may be entitled.

Dated: October 10, 2024

        **O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.**
        Attorneys for Defendant Anthology Inc.

By: *Electronically signed by Grant C. Killoran*
     Grant C. Killoran, SBN 1015503
     grant.killoran@wilaw.com
     Ryan J. Riebe, SBN 1101498
     ryan.riebe@wilaw.com

**P.O. Address:**

111 E. Wisconsin Ave., Suite 1400
Milwaukee, WI 53202
Phone: 414.276.5000

**Of Counsel:**

David A. Crichlow
david.crichlow@katten.com
Mark T. Ciani
mark.ciani@katten.com
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020-1605
Phone: 212.940.8941

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case may not be registered CM/ECF users. I have caused the foregoing document to be served on the following non-CM/ECF participants by U.S. Mail and e-mail:


Anthony J. Steffek, Esq.
Renning Lewis & Lacy
205 Doty Street, Suite 201
Green Bay, WI 54301

Kurt B. Fliegauf, Esq.
Scott G. Ofrias, Esq.
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
One Federal Street, 15th Floor
Boston, MA 02110

Attorneys for Plaintiff


/s/ *Kelly A. Sells*