# EXHIBIT A

FILED
09-12-2024
Clerk of Circuit Court
Manitowoc County, WI
2024CV000355

STATE OF WISCONSIN CIRCUIT COURT  MANITOWOC COUNTY

LAKESHORE TECHNICAL COLLEGE
1290 NORTH AVENUE
CLEVELAND, WI 53015

                      Plaintiff,

v.

ANTHOLOGY INC.
5201 CONGRESS AVENUE
BOCA RATON, FLORIDA 33487

                      Defendant.

Case No. _____

Case Code: 30303 (Other-Contracts)

---

## SUMMONS

---

THE STATE OF WISCONSIN

To each person named above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is:

Manitowoc County Courthouse
1010 S. 8th Street
1st Floor, Room 105
Manitowoc, WI 54220

and to Plaintiff's attorneys, whose addresses are:

Anthony J. Steffek
Renning Lewis Lacy, s.c.
205 Doty Street, Suite 201
Green Bay, WI 54301

Kurt B. Fliegauf and Scott Ofrias
Connn Kavanaugh Rosenthal Peisch & Ford, LLP
One Federal Street, 15th Floor
Boston, MA 02110

You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated September 12, 2014      RENNING, LEWIS & LACY, S.C.
Attorneys for Plaintiff,
Lakeshore Technical College


By:    *Electronically signed by Anthony J. Steffek*
Anthony J. Steffek
State Bar No. 1053615
205 Doty Street, Suite 201
Green Bay, WI 54301
(920) 283-0714
asteffek@law-rll.com

2

Kurt B. Fliegauf (*pro hac vice* application forthcoming)
Massachusetts Bar No. 564329
Scott Ofrias (*pro hac vice* application forthcoming)
Massachusetts Bar No. 697908
CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP
One Federal Street, 15th Floor
Boston, MA 02110
(617) 482-8200
kfliegauf@connkavanaugh.com
sofrias@connkavanaugh.com

3

FILED
09-12-2024
Clerk of Circuit Court
Manitowoc County, WI
2024CV000355

## STATE OF WISCONSIN CIRCUIT COURT   MANITOWOC COUNTY

LAKESHORE TECHNICAL COLLEGE
1290 NORTH AVENUE
CLEVELAND, WI 53015

           Plaintiff,

v.

ANTHOLOGY INC.
5201 CONGRESS AVENUE
BOCA RATON, FLORIDA 33487

           Defendant.

Case No. _____

Case Code: 30303 (Other-
Contracts)

---

## COMPLAINT

---

**NOW COMES** Plaintiff, Lakeshore Technical College (Lakeshore), by and through its attorneys Renning, Lewis & Lacy, S.C., and Conn Kavanaugh Rosenthal Peisch & Ford, LLP, and asserts this Complaint against Anthology Inc. (Anthology), and alleges as follows:

### INTRODUCTION

1.     Lakeshore is a publicly funded two-year college that prides itself on making education accessible to everyone, wherever they are in life. Lakeshore offers many different career and transfer programs, customized training for local employers, personal and professional continuing education, and adult education.

2.     In 2021, Lakeshore began its search for mission-critical enterprise resource planning (ERP) system software. An ERP system provides integrated management of an entity's student and administrative business functions, and

collects, stores, processes, manages, and interprets data from its users' activities. It is the digital life-blood of the college, and is critical to teaching more than 9,000 students annually and supporting more than 300 employees.

3.    As part of its due diligence, and to protect the investment being funded by the taxpayers, Lakeshore thoroughly reviewed and analyzed potential ERP computer solutions from multiple vendors. Lakeshore asked probing questions of the vendors vying for the work to ensure that any selected ERP solution would provide the essential and crucial functionality needed by the college, and that the vendor had the necessary expertise to timely implement it.

4.    During the sales process, Anthology repeatedly represented to Lakeshore that its ERP system was capable of providing Lakeshore with the required functionality, and that Anthology had the necessary experience and expertise to implement its system in a timely fashion. Lakeshore reasonably relied on Anthology's representations, and contracted with Anthology for its ERP system.

5.    Anthology lied. Anthology's ERP system was utterly incapable of providing the required functionality, and Anthology was incapable of implementing its ERP system to meet Lakeshore's requirements. More than twenty-six months after contracting, Lakeshore remains on its legacy system with more than 450 open issues that Anthology is unable to resolve. Moreover, Anthology is unable to credibly identify a path forward to satisfy the empty promises that it so readily made during the sales process.

2

6.      Remarkably, Anthology made most of its misrepresentations to Lakeshore at the very same time that it was being sued by another customer, Adrian College in Michigan, for making similar misrepresentations. On April 25, 2022, Adrian College sued Anthology in the United States District Court for the Southern District of Florida, C.A. No. 9:22-cv-80641, for making many of the same misrepresentations that Anthology simultaneously was making to Lakeshore. On information and belief, numerous other colleges also have asserted claims against Anthology for making misrepresentations during the sales process as to its capabilities and the functionality of its ERP solution.

## PARTIES

7.      Lakeshore is public, two-year college with its main campus in Cleveland, Wisconsin.

8.      Anthology is a foreign company with its principal office located in Boca Raton, Florida.

## JURISDICTION AND VENUE

9.      The Court may exercise personal jurisdiction over Anthology in this cause of action, pursuant to Wis. Stat. §801.05(5), because this action relates to services promised by and received from Anthology in this State.

10.     The Court may also exercise personal jurisdiction over Anthology in this cause of action, pursuant to Wis. Stat. §801.05(1)(d), because Anthology is engaged in substantial, and not isolated, activities in this State.

3

11.     Venue is appropriate in this Court pursuant to Wis. Stat. §801.50(2)(a) because the claim arose in Manitowoc County.

## FACTS

12.     Lakeshore is a public, two-year college located in Cleveland, Wisconsin. Lakeshore is part of the Wisconsin Technical College System. Lakeshore also is a part of the WILM Consortium, which is comprised of three Wisconsin colleges – Lakeshore, Northwood Technical College (Northwood), and Mid-State Technical College (Mid-State).

13.     Lakeshore, Northwood, and Mid-State formed the WILM Consortium to improve institutional efficiencies. In order to obtain the best available pricing, Lakeshore and the other WILM colleges signed-on to a Wisconsin Technical College System contract with PeopleSoft and used the PeopleSoft ERP system.

14.     The PeopleSoft ERP system used by the Lakeshore and the other WILM colleges was more than twenty years old, was at "end of life" because it was being taken off regular support maintenance, and needed to be replaced. Lakeshore therefore was required to either totally replace its existing system with a new PeopleSoft ERP system, or go to the market to consider other offerings. Lakeshore decided to go to the market, and in 2021, with the other WILM colleges, jointly issued a detailed Request for Information (RFI) for a new ERP solution.

15.     Lakeshore, in the RFI and subsequent sales process, specifically focused on whether potential ERP vendors had the necessary experience and expertise to migrate its data from the legacy PeopleSoft system. Because the legacy PeopleSoft

system was ending and the system was reaching its end of life, Lakeshore needed assurance that it could "go-live" with the new ERP software within two years.

16.     Lakeshore also sought the assurances of potential ERP vendors that their systems were capable of providing critical functionality that would fully support Lakeshore's specialized student and administrative business requirements. Such requirements included but were not limited to (a) the ability to accommodate Lakeshore's use of a competency-based approach to education (CBE), (b) the ability to automatically determine and provide refunds to students pursuant to Lakeshore's specialized refund policies, and (c) the ability to directly bill all or a portion of a student's tuition and fees to third-parties such as the student's employer. (Critical Functionality).

17.     Anthology responded to the RFI on or about January 5, 2022, representing its experience and expertise, as well as the functionality of its ERP system. In its RFI responses and in subsequent sales presentations, emails, and verbal statements, Anthology expressly assured Lakeshore it and its product were up to the task. Anthology represented that it had the expertise to migrate Lakeshore from the legacy PeopleSoft system to Anthology's system, that its ERP system provided the Critical Functionality, and that it had the capability to ensure that Lakeshore would be live with its ERP system within two years of contracting.

18.     The particulars of Anthology's misrepresentations include, but are not limited to, the following:

5

- On January 5, 2022, in its response to the portion of Lakeshore's RFI that inquired into whether Anthology's ERP system handled "third-party billing" and provided the example "when an employer pays for the student's course," Anthology through its Regional Sales Manager Gayle Stipe misrepresented that its ERP system "supports the ability to use Agency Types to add and manage the types of agencies you can specify for the specific agency sponsors and third-party billing entities that assist students (such as commercial and non-profit). The software application also supports the ability to send third-party/agency invoices. This allows for the tracking and assigning of third-party billing for instances where an employer pays for a student's course."

- On January 5, 2022, in its response to the portion of Lakeshore's RFI that inquired into whether Anthology's ERP system had "a third-party portal or a way for a third-party to log in and pay?" and also inquired whether it would "enable parents or approved third parties and/or sponsors to make payments on a student's behalf?", Anthology through its Regional Sales Manager Gayle Stipe misrepresented that its ERP system "is designed to integrate with third party payment gateways that can assist with a third-party's ability to pay. The system does have the ability to generate third-party invoices that can be shared with the third-parties."

6

- On January 5, 2022, in its response to Lakeshore's RFI, Anthology through its Regional Sales Manager Gayle Stipe misrepresented that its ERP system ""will enjoy a modern, proven Microsoft architecture that natively supports all academic term structures, including Competency-Based programs, to respond quickly to changing demands."

- On January 5, 2022, in its response to Lakeshore's RFI, Anthology through its Regional Sales Manager Gayle Stipe misrepresented that its ERP system's "forward-facing roadmap intentionally focuses on the two-year community and technical college's critical needs for operations at scale, actionable data insights, guided degree pathways built in our SIS, and enhanced workforce development opportunities with our Occupation Insight."

- On January 5, 2022, in its response to Lakeshore's RFI, Anthology through its Regional Sales Manager Gayle Stipe misrepresented that its ERP system "provides institutions with flexible academic delivery models, nontraditional terms, and the financial aid and billing flexibility to align with your business needs. Our solution supports competency-based education (CBE), as well as traditional completion paths."

- On January 5, 2022, in its response to Lakeshore's RFI, Anthology through its Regional Sales Manager Gayle Stipe misrepresented that its ERP system "supports the ability to automate awarding agency refunds

7

per regulatory compliance rules and by configuring the institutional and
course refund policies based on a percentage or based on length."

- On January 5, 2022, in its response to Lakeshore's RFI, Anthology
through its Regional Sales Manager Gayle Stipe misrepresented that
"Anthology Student manages the refund policies and procedures that
your institutions can use when refunding money" and all the refunds are
"automated once configured."

- In a January 6, 2022, email, Anthology's Regional Sales Manager Gayle
Stipe misrepresented to Lakeshore's Tanya Wasmer that Anthology's
ERP system "has a flexible term structure, out-of-the-box, that supports
any type of course whether credits hours, clock hours or competency-
based programs all in one environment. The configurability of our
solution allows you to have any type of programs with different starts
and stop."

- In a PowerPoint presentation dated February 16, 2022, authored by
Anthology's Thomas F. Guckenberg, Ph.D., Anthology misrepresented
that "What Makes Anthology Different" included "Conversion of Legacy
PeopleSoft Data."

- On March 15, 2022, at a meeting attended by Anthology representatives
Gayle Stipe, Chris Creany, and Tim Craley, Anthology misrepresented
that the implementation timeline would be "24 months for all
modules/solutions."

8

- On June 3, 2022, Anthology through its Senior Strategic Consultant Tim Craley, in response to a question by Lakeshore's consultant Ellen Raue as to whether Anthology's ERP system calculates tuition once per day or could do so more frequently, misrepresented that its ERP system has a "very configurable billing method setup that allows institutions the flexibility they need."

- Throughout 2022, prior to contracting, Anthology representatives made numerous additional and similar misrepresentations in sales presentations, many of which were recorded and, on information and belief, are in the possession of Anthology and/or a third-party provider. Lakeshore incorporates those additional misrepresentations by reference.

19.    Anthology made these misrepresentations to induce Lakeshore into contracting with it. Lakeshore reasonably relied on Anthology's representations, and in June and July, 2022, signed contract documents to have Anthology implement its ERP system.

20.    Pursuant to the contract documents, Anthology was required to "perform all Professional Services in a professional and workmanlike manner." The contract documents further required Anthology to provide deliverables that "conform in all material respects to the descriptions in the Statement of Work."

21.    Anthology's efforts to implement its ERP system was an abject failure. It could not understand Lakeshore's legacy PeopleSoft system and successfully

9

migrate Lakeshore's data into Anthology's ERP system. Anthology's ERP system proved incapable of providing the Critical Functionality that it promised. Anthology also failed to dedicate sufficient resources to the Lakeshore project, and its employees confused Lakeshore's requirements with the needs of the other WILM colleges. More than 450 issues have been identified that Anthology is unable to resolve.

22.    Anthology missed every milestone date during its implementation efforts, and was incapable of meeting its promised, and critical, June 30, 2024 "go-live" date. Anthology, and its software, utterly failed Lakeshore.

23.    On March 29, 2024, Anthology emailed Lakeshore, stating: "We understand that Anthology has not met your expectations ... [w]e have a plan to restore your confidence." Anthology never met Lakeshore's expectations or restored it confidence, failing time and time again.

24.    On August 22, 2024, Lakeshore's President and others from Lakeshore, and Anthology's CEO and others from Anthology, met in an attempt to reach a resolution on whether to proceed with the implementation of the ERP system. At that meeting, Lakeshore identified a series of commitments needed from Anthology to restore its confidence in Anthology and its product, and assurances that Lakeshore would have a functioning system no later than March 2025. Lakeshore's requested commitments and assurances were the types of terms that reflect industry best practices when implementing a new computer system, and would apply to any generic client seeking to implement an ERP. Anthology was unable to provide an adequate response that offered a realistic possibility of success.

10

25.     As a result of Anthology's misrepresentations, deceptive trade practices, and other failures, Lakeshore's educational mission has been disrupted, its resources sapped, work has been diverted from teaching and supporting students, and it has incurred significant damages that will continue to increase.

**COUNT I**
**FRAUD IN THE INDUCEMENT**

26.     Lakeshore repeats and incorporates the prior paragraphs of this Complaint by reference.

27.     Prior to Lakeshore contracting with Anthology, Anthology made false representations to Lakeshore regarding Anthology's experience and expertise to migrate its data from Lakeshore's legacy PeopleSoft system. Anthology further made false representations to Lakeshore regarding its ERP solution's ability to provide the Critical Functionality required by Lakeshore. Anthology further made false representations regarding its ability to go-live with the ERP solution within two years of contracting, and in any event no later than June 30, 2024.

28.     Anthology knew that their representations and omissions were untrue and misleading, and/or made those representations and omissions recklessly, without regard to whether the statements were true or false, at the time the representations were made and the omissions occurred.

29.     Lakeshore believed to be true, reasonably relied on, and was induced by the representations made by Anthology when they executed the contract documents with Anthology.

11

30.    As a result of Anthology's misrepresentation in the inducement, the parties' contract documents are void *ab initio*.

31.    Anthology's wrongful acts or omissions have caused significant monetary damages to Lakeshore, in an amount to be proven at trial.

32.    Anthology's misrepresentations were made willfully, wantonly, and with reckless disregard of Lakeshore's rights.

**COUNT II**
**VIOLATION OF WIS. STAT. §100.18**

33.    Lakeshore repeats and incorporates the prior paragraphs of this Complaint by reference.

34.    Lakeshore is a member of the "public" as that term is used in the Wisconsin Deceptive Trade Practices Act, Wis. Stat. §100.18.

35.    Anthology made the representations identified above based on its own knowledge.

36.    Anthology made the representations to Lakeshore, a public college, in Wisconsin.

37.    Anthology made its representations with the intent of inducing Lakeshore to sign the contract documents.

38.    Anthology's representations were untrue, deceptive, and misleading.

39.    But for Anthology's representations, Lakeshore would not have executed the contract Documents.

40.    Anthology's untrue, deceptive, and misleading representations have caused monetary damage to Lakeshore, in an amount to be proven at trial.

41.     Anthology's untrue, deceptive, and misleading representations were made willfully, wantonly, and with reckless disregard of Lakeshore's rights.

**COUNT III**
**BREACH OF CONTRACT**

42.     Lakeshore repeats and incorporates the prior paragraphs of this complaint by reference.

43.     As set forth above, as a result of Anthology's fraud in the inducement, the contract documents are void. In the alternative, Lakeshore asserts this breach of contract claim.

44.     Anthology entered into the contract documents, promising to deploy and administer its services, to fix any functionality errors, to dedicate personnel necessary to perform its responsibilities, and to perform in a professional and workmanlike manner.

45.     Lakeshore did all, or substantially all, of the essential things which the Contract Documents required it to do, except those which it was excused from doing.

46.     Anthology failed to dedicate the consultant and management resources necessary to get the project completed, exemplified significant functionality issues, and did not provide a viable project for implementation at Lakeshore by the go-live date.

47.     Anthology materially breached the Master Services Agreement by failing to "perform all Professional Services in a professional and workmanlike manner" and failing to provide deliverables that "conform in all material respects to the descriptions in the Statement of Work."

13

48.    Anthology's breach of contract has caused monetary damages to Lakeshore in an amount to be proven at trial.

49.    The contract documents provide that in the event of litigation, the prevailing party shall be entitled to reimbursement of reasonable attorneys' fees and costs. Lakeshore has incurred and will incur attorney's fees and costs in connection with this action, all of which should be awarded to Lakeshore as damages.

WHEREFORE, Lakeshore requests that this Court:

a.    Enter judgment in favor of Lakeshore and against Anthology in an amount to be determined at trial;

b.    Award costs and actual, reasonable attorneys' fees pursuant to Wis. Stat. §100.18(11)(b)(2) and/or the terms;

c.    Award punitive damages, as the actions cited above were undertaken by Anthology willfully, wantonly, and with reckless disregard of Lakeshore's rights; and

d.    Provide such other relief that is just and equitable.

## JURY DEMAND

Lakeshore demands a jury trial on all the issues so triable.

Dated September 12, 2024

RENNING, LEWIS & LACY, S.C.
Attorneys for Plaintiff,
Lakeshore Technical College


By:    *Electronically signed by Anthony J. Steffek*
Anthony J. Steffek
State Bar No. 1053615
205 Doty Street, Suite 201
Green Bay, WI 54301
(920) 283-0714
asteffek@law-rll.com

14

Kurt B. Fliegauf (*pro hac vice* application
forthcoming)
Massachusetts Bar No. 564329
Scott Ofrias (*pro hac vice* application
forthcoming)
Massachusetts Bar No. 697908
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
One Federal Street, 15th Floor
Boston, MA 02110
(617) 482-8200
kfliegauf@connkavanaugh.com
sofrias@connkavanaugh.com

15

FILED
09-23-2024
Clerk of Circuit Court
Manitowoc County, WI
2024CV000355

STATE OF WISCONSIN  CIRCUIT COURT  MANITOWOC COUNTY

LAKESHORE TECHNICAL COLLEGE

                Plaintiff,                    Case No. 24-CV-355

v.

ANTHOLOGY INC.

                Defendant.

---

## PLAINTIFF'S MOTION FOR ADMISSION *PRO HAC VICE* OF ATTORNEY KURT B. FLIEGAUF AND ATTORNEY SCOTT G. OFRIAS

---

Renning, Lewis & Lacy, s.c., counsel for the plaintiff, Lakeshore Technical College, requests that the Court enter an Order allowing the admission *pro hac vice* of Attorney Kurt B. Fliegauf and Attorney Scott G. Ofrias, both of Conn Kavanaugh Rosenthal Peisch & Ford, LLP, in the above-captioned action.  In support of this Motion, I submit the Affidavit of Attorney Kurt B. Fliegauf and the Affidavit of Scott G. Ofrias.  I further state as follows:

1. Attorney Kurt B. Fliegauf is admitted to the Massachusetts Bar and the Connecticut Bar, is in good standing in his respective courts of admission, and has never been disbarred, censured, or sanctioned.

2. Attorney Scott G. Ofrias is admitted to the Massachusetts Bar, the Connecticut Bar and the New York Bar, is in good standing in his respective courts of admission, and has never been disbarred, censured, or sanctioned.

Dated September 23, 2014

RENNING, LEWIS & LACY, S.C.
Attorneys for Plaintiff,
Lakeshore Technical College

By:    *Electronically signed by Anthony J. Steffek*
Anthony J. Steffek
State Bar No. 1053615
205 Doty Street, Suite 201
Green Bay, WI 54301
(920) 283-0714
asteffek@law-rll.com

Kurt B. Fliegauf (*pro hac vice* application
forthcoming)
Massachusetts Bar No. 564329
Scott Ofrias (*pro hac vice* application
forthcoming)
Massachusetts Bar No. 697908
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
One Federal Street, 15th Floor
Boston, MA 02110
(617) 482-8200
kfliegauf@connkavanaugh.com
sofrias@connkavanaugh.com

2

FILED
09-23-2024
Clerk of Circuit Court
Manitowoc County, WI
2024CV000355

STATE OF WISCONSIN  CIRCUIT COURT  MANITOWOC COUNTY

LAKESHORE TECHNICAL COLLEGE,

                    Plaintiff,             Case No. 24-CV-355

v.

ANTHOLOGY INC.

                    Defendant.

---

## AFFIDAVIT OF ATTORNEY KURT B. FLIEGAUF

---

STATE OF MASSACHUSETTS )
                      ) ss.
COUNTY OF SUFFOLK      )

KURT B. FLIEGAUF, being first duly sworn on oath, deposes and says:

1.     I am admitted to practice law in the highest courts of the states of Massachusetts and Connecticut, and my admission to practice in those jurisdictions is in good standing.

2.     A true and correct copy of the Certificate of Good Standing received from the Commonwealth of Massachusetts Supreme Judicial Court for Suffolk County is attached hereto as Exhibit A.

3.     A true and correct copy of my Application for Pro Hac Vice Admission, along with proof of payment, is attached hereto as Exhibit B.

4.     I will comply with the Manitowoc County Circuit Court Rules.

Dated this _17_ day of September, 2024.

_____

Kurt B. Fliegauf

Subscribed and sworn to before me
this _2ᵗ_ day of September, 2024.

_____

Notary Public, State of _Massachusetts_
My Commission Expires: _10/12/2029_



2

FILED
09-23-2024
Clerk of Circuit Court
Manitowoc County, WI
2024CV000355

STATE OF WISCONSIN CIRCUIT COURT MANITOWOC COUNTY

LAKESHORE TECHNICAL COLLEGE,

                    Plaintiff,                    Case No. 24-CV-355

v.

ANTHOLOGY INC.

                    Defendant.

## AFFIDAVIT OF ATTORNEY SCOTT G. OFRIAS

STATE OF MASSACHUSETTS )
                                            ) ss.
COUNTY OF SUFFOLK           )

SCOTT G. OFRIAS, being first duly sworn on oath, deposes and says:

1.     I am admitted to practice law in the highest courts of the states of Massachusetts, Connecticut and New York, and my admission to practice in those jurisdictions is in good standing.

2.     A true and correct copy of the Certificate of Good Standing received from the Commonwealth of Massachusetts Supreme Judicial Court for Suffolk County is attached hereto as Exhibit A.

3.     A true and correct copy of my Application for Pro Hac Vice Admission, along with proof of payment, is attached hereto as Exhibit B.

4.     I will comply with the Manitowoc County Circuit Court Rules.

Dated this _17_ day of September, 2024.

_____
Scott G. Ofrias

Subscribed and sworn to before me
this _17ᵗʰ_ day of September, 2024.

_____
Notary Public, State of _Massachusetts_
My Commission Expires: _10/12/2029_



2



**FILED**
**09-23-2024**
**Clerk of Circuit Court**
**Manitowoc County, WI**
**2024CV000355**

# The Commonwealth of Massachusetts

## SUPREME JUDICIAL COURT

### FOR SUFFOLK COUNTY

### JOHN ADAMS COURTHOUSE

ONE PEMBERTON SQUARE, SUITE 1300

BOSTON, MASSACHUSETTS 02108-1707

WWW.SJCCOUNTYCLERK.COM

**MAURA S. DOYLE**

CLERK

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117

ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

September 16, 2024

Attorney Kurt Baran Fliegauf
Scott Ofrias
One Federal St 15th Floor
Boston , MA  02110
sofrias@connkavanaugh.com

**IN RE:       CERTIFICATE OF ADMISSION AND GOOD STANDING**

Enclosed please find the Certificate of Admission and Good Standing for Commonwealth of Massachusetts Attorney **Kurt Baran Fliegauf** .  The certificate provides certification of the attorney's date of admission and current good standing at the Bar of the Commonwealth of Massachusetts.

If you have any questions or should need further assistance, please do not hesitate to contact the Attorney Services Department at either sjccertsgs@sjc.state.ma.us or 617-557-1050.

Very truly yours,

MAURA S. DOYLE
Clerk
Supreme Judicial Court

MSD/  **jr**
Clearance:  09/16/2024 09.13.14.15.2024
Enclosures

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

———————

BE IT REMEMBERED, that at the Supreme Judicial Court holden at Boston within and for said County of Suffolk, on     **December 15, 1993**, said Court being the highest Court of Record in said Commonwealth:

## Kurt Baran Fliegauf

being found duly qualified in that behalf, and having taken and subscribed

the oaths required by law, was admitted to practice as an Attorney, and, by virtue

thereof, as a Counsellor at Law, in any of the Courts of the said Commonwealth:

that said Attorney is at present a member of the Bar, and is in good standing

according to the records of this Court*.

In testimony whereof, I have hereunto set my hand and affixed the

seal of said Court, this     **sixteenth**     day of     **September**

in the year of our Lord **two thousand and twenty-four.**

MAURA S. DOYLE, Clerk

* Records of private discipline, if any, such as a private reprimand imposed by the Board of Bar Overseers or by any court, are not covered by this certification. X3116.

Amended January 2022, effective February 2022 for digital and/or electronic attestation for the Supreme Judicial Court for the County of Suffolk.

**STATE OF WISCONSIN, CIRCUIT COURT,**   Manitowoc     **COUNTY**

**FILED**
**09-23-2024**
**Clerk of Circuit Court**
**Manitowoc County, WI**
**2024CV000355**

| Case Caption: Lakeshore Technical College v. Anthology Inc. | **Application for Pro Hac Vice Admission** |
|---|---|
| | Case No.   2024CV000355 |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   Lakeshore Technical College
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   Massachusetts and Connecticut

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Anthony J. Steffek     , State Bar No. 1053615 an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   Lakeshore Technical College has requested my participation in the prosecution of this matter, given my experience in civil business litigation involving the issues that are the subject of this action and my existing attorney-client relationship with Lakeshore Technical College.

I have applied for admission pro hac vice in the courts of the State of Wisconsin  0  previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>Kurt B. Fliegauf  9/17/2024 3:24:25 PM | Telephone Number<br>617-348-8221 |
|---|---|
| Name Printed<br>Atty. Kurt Fliegauf | Email Address (if any)<br>kfliegauf@connkavanaugh.com |
| Address of Principal Office<br>One Federal St, Boston, MA, 02110, United States | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03    SCR 10.03(4)



## Receipt:

| | |
|---|---|
| Name on the card: | Kurt Fliegauf |
| Payment Total: | $250.00 |
| Payment Date: | 9/17/2024 3:24:25 PM |
| Payment Method:  Card ending with: | *1001 |
| Transaction Number: | AP3E9AAA8428 |

**The Commonwealth of Massachusetts**

## SUPREME JUDICIAL COURT

### FOR SUFFOLK COUNTY

#### JOHN ADAMS COURTHOUSE

ONE PEMBERTON SQUARE, SUITE 1300
BOSTON, MASSACHUSETTS 02108-1707
WWW.SJCCOUNTYCLERK.COM

**MAURA S. DOYLE**
CLERK

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117

ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

**FILED**
**09-23-2024**
**Clerk of Circuit Court**
**Manitowoc County, WI**
**2024CV000355**

September 16, 2024

Attorney Scott Gregory Ofrias
Scott Ofrias
One Federal St 15th Floor
Boston , MA  02110
sofrias@connkavanaugh.com

IN RE:    **CERTIFICATE OF ADMISSION AND GOOD STANDING**

       Enclosed please find the Certificate of Admission and Good Standing for Commonwealth of Massachusetts Attorney **Scott Gregory Ofrias** .  The certificate provides certification of the attorney's date of admission and current good standing at the Bar of the Commonwealth of Massachusetts.

       If you have any questions or should need further assistance, please do not hesitate to contact the Attorney Services Department at either sjccertsgs@sjc.state.ma.us or 617-557-1050.

       Very truly yours,

MAURA S. DOYLE
Clerk
Supreme Judicial Court

MSD/  **jr**
Clearance:  09/16/2024 09.13.14.15.2024
Enclosures

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

———————

BE IT REMEMBERED, that at the Supreme Judicial Court holden at Boston

within and for said County of Suffolk, on     **June 13, 2017**,

said Court being the highest Court of Record in said Commonwealth:

## Scott Gregory Ofrias

being found duly qualified in that behalf, and having taken and subscribed

the oaths required by law, was admitted to practice as an Attorney, and, by virtue

thereof, as a Counsellor at Law, in any of the Courts of the said Commonwealth:

that said Attorney is at present a member of the Bar, and is in good standing

according to the records of this Court*.

In testimony whereof, I have hereunto set my hand and affixed the

seal of said Court, this   **sixteenth**   day of   **September**

in the year of our Lord **two thousand and twenty-four.**

MAURA S. DOYLE, Clerk

\* Records of private discipline, if any, such as a private reprimand imposed by the Board of Bar Overseers or by any court, are not covered by this certification. X3116.

Amended January 2022, effective February 2022 for digital and/or electronic attestation for the Supreme Judicial Court for the County of Suffolk.

**STATE OF WISCONSIN, CIRCUIT COURT,** Manitowoc     **COUNTY**

**FILED**
**09-23-2024**
**Clerk of Circuit Court**
**Manitowoc County, WI**
**2024CV000355**

| Case Caption: Lakeshore Technical College v. Anthology Inc. | **Application for Pro Hac Vice Admission** |
|---|---|
| | Case No. 2024CV000355 |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   Lakeshore Technical College
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   Massachusetts, Connecticut, and New York

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Anthony J. Steffek    , State Bar No. 1053615 an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   Lakeshore Technical College has requested my participation in the prosecution of this matter, given my experience in civil business litigation involving the issues that are the subject of this action and my existing attorney-client relationship with Lakeshore Technical College.

I have applied for admission pro hac vice in the courts of the State of Wisconsin  0  previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>Scott G. Ofrias        9/17/2024 3:16:12 PM | Telephone Number<br>617-348-8244 |
|---|---|
| Name Printed<br>Mr. Scott G. Ofrias | Email Address (if any)<br>sofrias@connkavanaugh.com |
| Address of Principal Office<br>One Federal St, Boston, MA, 02110, United States | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03        SCR 10.03(4)



## Receipt:

Name on the card:                          Scott Ofrias

Payment Total:                                 $250.00

Payment Date:                        9/17/2024 3:16:12 PM

Payment Method:  Card ending with:        *1001

Transaction Number:               AV3E0BC6EE87

**FILED**
**09-25-2024**
**Clerk of Circuit Court**
**Manitowoc County, WI**
**2024CV000355**

STATE OF WISCONSIN |CIRCUIT COURT| MANITOWOC COUNTY

LAKESHORE TECHNICAL COLLEGE,

                    Plaintiff,                    Case No. 24-CV-355

v.

ANTHOLOGY INC.,

                    Defendant.

---

## ADMISSION OF SERVICE

---

The undersigned hereby admits service of the Summons and Complaint on behalf of Defendant, Anthology Inc., as of September 24, 2024, as counsel for Defendant and being duly authorized to do so.

Dated this 24th day of September, 2024

**O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.**
Attorneys for Defendant Anthology Inc.

By:    *Electronically signed by Grant C. Killoran*
       Grant C. Killoran, SBN 1015503
       grant.killoran@wilaw.com
       Ryan J. Riebe, SBN 1101498
       ryan.riebe@wilaw.com

**P.O. Address:**

111 E. Wisconsin Ave., Suite 1400
Milwaukee, WI 53202
Phone:  414.276.5000

**<u>Of Counsel</u>**

David A. Crichlow
Mark T. Ciani
david.crichlow@katten.com
mark.ciani@katten.com
Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, NY 10020-1605
(212) 940-8941

2

FILED
10-09-2024
Clerk of Circuit Court
Manitowoc County, WI
2024CV000355

STATE OF WISCONSIN | CIRCUIT COURT | MANITOWOC COUNTY

---

LAKESHORE TECHNICAL COLLEGE,

           Plaintiff,           Case No. 24-CV-355

v.

ANTHOLOGY INC.,

           Defendant.

---

### NOTICE OF APPEARANCE

---

**PLEASE TAKE NOTICE** that Grant C. Killoran of the law firm O'Neil, Cannon, Hollman, DeJong & Laing S.C. hereby enters an appearance as counsel for Defendant Anthology Inc. in the above-captioned action and requests that copies of all papers, pleadings and notices, including CM/ECF notifications, be served upon him at the following address:

> Grant C. Killoran, Esq.
> O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.
> 111 East Wisconsin Avenue, Suite 1400
> Milwaukee, Wisconsin 53202
> Phone:    414-276-5000
> E-mail:    grant.killoran@wilaw.com

Dated this 9th day of October, 2024.

        **O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.**
        Attorneys for Defendant Anthology Inc.

    By:   *Electronically signed by Grant C. Killoran*
           Grant C. Killoran, SBN 1015503
           grant.killoran@wilaw.com

**<u>P.O. Address:</u>**

111 E. Wisconsin Ave., Suite 1400
Milwaukee, WI 53202
Phone:  414.276.5000

**FILED**
**10-09-2024**
**Clerk of Circuit Court**
**Manitowoc County, WI**
**2024CV000355**

STATE OF WISCONSIN | CIRCUIT COURT | MANITOWOC COUNTY

---

LAKESHORE TECHNICAL COLLEGE,

　　　　　　　　Plaintiff,　　　　　　Case No. 24-CV-355

v.

ANTHOLOGY INC.,

　　　　　　　　Defendant.

---

### NOTICE OF APPEARANCE

---

**PLEASE TAKE NOTICE** that Ryan J. Riebe of the law firm O'Neil, Cannon, Hollman, DeJong & Laing S.C. hereby enters an appearance as counsel for Defendant Anthology Inc. in the above-captioned action and requests that copies of all papers, pleadings and notices, including CM/ECF notifications, be served upon him at the following address:

> Ryan J. Riebe, Esq.
> O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.
> 111 East Wisconsin Avenue, Suite 1400
> Milwaukee, Wisconsin 53202
> Phone:　　414-276-5000
> E-mail:　　ryan.riebe@wilaw.com

Dated this 9th day of October, 2024.

> **O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.**
> Attorneys for Defendant Anthology Inc.
>
> By:　　*Electronically signed by Ryan J. Riebe*
> 　　　Ryan J. Riebe, SBN 1101498
> 　　　ryan.riebe@wilaw.com

**P.O. Address:**

111 E. Wisconsin Ave., Suite 1400
Milwaukee, WI 53202
Phone:  414.276.5000