UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAKESHORE TECHNICAL COLLEGE,

        Plaintiff,

        v.                           Case No. 24-C-1290

ANTHOLOGY INC.,

        Defendant.

**ORDER ON PLAINTIFF'S MOTION TO STAY PROCEEDINGS AND EXTEND TIME**

      This is a breach of contract action between Plaintiff Lakeshore Technical College and Defendant Anthology Inc. Lakeshore originally brought the action in Manitowoc County Circuit Court, but Anthology removed it to district court on October 10, 2024. Dkt. No. 1. Anthology thereafter filed a motion to dismiss for lack of personal jurisdiction, improper venue, lack of standing, and failure to state a claim. Dkt. No. 8. Lakeshore has not yet responded to the motion to dismiss; its deadline is November 7, 2024.

      Lakeshore now moves to stay all proceedings in this case, including the Rule 26(f) plan, Rule 16 telephone scheduling conference, and briefing on the motion to dismiss. Lakeshore plans to file a motion for remand which, in its view, will obviate the need to address the motion to dismiss and other matters because it will argue that the court lacks subject-matter jurisdiction. Anthology objects, arguing that its motion to dismiss presents several straightforward, threshold issues the court can rule upon.

      The court finds Anthology's argument more persuasive. "It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas*

*AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). A district court may opt to decide a straightforward personal jurisdiction question rather than a difficult and novel subject-matter jurisdiction question. *Id.* at 588. Or it may opt to decide a straightforward issue of venue before subject-matter jurisdiction. *See In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008). These matters are left to the district court's discretion and largely depend upon the difficulty of the issues.

Without full briefing on either motion, the court cannot decide which threshold issue to address. Perhaps the motion to dismiss will present the most straightforward, threshold disposition; or, it may be the motion to remand. Therefore, the court declines to stay the briefing deadline on the motion to dismiss. The court does, however, agree that the Rule 16 and Rule 26(f) proceedings should be postponed.

Accordingly, Lakeshore's Rule 7(h) Expedited Non-Dispositive Motion to Stay Proceedings and to Extend Time (Dkt. No. 13) is **DENIED**. The Clerk is directed to vacate the Rule 16 telephone scheduling conference and Rule 26(f) deadline.

Dated at Green Bay, Wisconsin this <u>5th</u> day of November, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge